IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| ABC IP, LLC, a Delaware limited liability company, and RARE BREED TRIGGERS, INC., a Texas corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>TIMOTHY HOFFMAN, an individual, and HOFFMAN TACTICAL LLC, a Tennessee limited liability company,<br><br>Defendants. | Case No. 1:25-cv-00389-CLC-CHS |

## PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION FOR PRELIMINARY INJUNCTION PURSUANT TO LOCAL RULE 7.1(D)

Come Plaintiffs, ABC IP, LLC ("ABC") and Rare Breed Triggers, Inc. ("Rare Breed") (collectively, "Plaintiffs") and, in further support of Plaintiffs' Motion for Preliminary Injunction with Incorporated Brief in Support (Doc. 14) ("PI Motion") and the hearing on the Preliminary Injunction Motion ("PI Hearing"), which took place on January 27-29, 2026,[1] respectfully submit Plaintiffs' Supplemental Brief in Support of its Motion for Preliminary Injunction Pursuant to Local Rule 7.1(d) in this action against Defendants Timothy Hoffman and Hoffman Tactical, LLC ("Defendants").

---

[1] The PI Hearing followed the Court's hearing on January 13, 2026 of Plaintiffs' Motion for Temporary Restraining Order with Incorporated Brief in Support (Doc. 15). Following the TRO Hearing, the Court granted Plaintiffs' request, entered a Temporary Restraining Order Under Rule 65 of the Federal Rules of Civil Procedure (Doc. 20) restricting Defendants' actions as set forth therein, and ordered Plaintiffs to post an injunction bond of $20,000.00, which Plaintiffs did on January 14, 2026 (*see* Notice of Receipt for Injunction Bond (Doc.21)).

## PROCEDURAL BACKGROUND

1. On December 23, 2025, Plaintiffs filed this suit against Defendants, alleging infringement of various patents, including U.S. Patent Nos. 12,038,247 (the '247 Patent) and 12,021,784 (the '784 Patent). (*See* Original Compl. for Patent Infringement ("Compl.") (Doc. 1).

2. On January 7, 2026, Plaintiffs filed the PI Motion. On January 23, 2026, Defendants filed their Response to Plaintiffs' Motion for a Preliminary Injunction ("PI Response") (Doc. 26). On January 27, 28, and 29, 2026, this Court held the PI Hearing. The proceedings were transcribed and are available in transcripts referred to herein as Vol. I, Vol. II, and Vol. III, respectively.

3. Plaintiffs made an opening statement and called three witnesses: Mr. Lawrence DeMonico, Mr. Brian Luettke, and Mr. Timothy Hoffman (called adverse). Defendants likewise made an opening statement and presented additional evidence through examination of Plaintiffs' witnesses.

4. Yesterday, on February 9, 2026, the United States Patent and Trademark Office issued a Notice of Allowance for U.S. Patent Application No. 18/761,606 to Blakely (also the inventor of the '723 (expired) patent in suit) titled "Firearm Trigger Mechanism." Notice of Allowability, Application No 18/761,606, February 9, 2026, attached as Exhibit 1. Patent Application No. 18/761,606 ("the '606 Application") is a continuation of the application that became the '247 Patent and shares the same specification

## SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFFS' PI MOTION

5. Plaintiffs file this Supplemental Brief in Support of their Motion for Preliminary Injunction because of information that became available yesterday (February 9, 2026) that bears directly on one of the issues Defendants raised in their PI Response (Doc. 26). [2]

---

[2] This supplemental brief "call[s] to the Court's attention developments occurring after a party's final brief is filed," therefore Local Rule 7.1(d)'s requirement for prior approval does not apply.

2

Case 1:25-cv-00389-CLC-CHS    Document 42    Filed 02/10/26    Page 2 of 6    PageID #: 807

6. On page 14 of Defendants' Response Brief, they state "to the extent the Plaintiffs attempt to argue coverage of Mr. Hoffman's design by the claims of the '784 patent, the argued claim expansion would result in the claim elements being found in the trigger reset cam represented in the now expired '723 patent…. (Doc. 26, pp. 13-14 (internal cites omitted)). Moreover, in the "Claim Chart for U.S. Patent No. 12,038,247 (PI Resp., Ex. 6, Doc. 26-6), Defendants' arguments assume that the '723 patent discloses a three-position trigger mechanism (safe, standard semiautomatic, and forced reset semiautomatic). (See Doc. 16-6, *passim*) (making arguments attempting to map the '723 patent disclosure to the elements of claim 15 of the '247 patent that include "(h) in a standard semi-automatic mode…" and "(j) whereupon in a forced reset semi-automatic mode")).

7. In the "Reasons for Allowance" section of the Notice of Allowability, the examiner stated the following:

> 3. The following is an examiner's statement of reasons for allowance: the closest prior art discovered is to Blakley (US 7,398,723). * * *
>
> **Blakley does not disclose, however, the combination of elements wherein the trigger mechanism is operable in a first, standard semi-automatic mode and in a second, forced reset semi-automatic mode**, whereupon in the first mode, rearward movement of the bolt means causes rearward pivoting of the hammer such that the disconnector hook catches the hammer hook, and thereafter the bolt means moves forward into battery, at which time a user must manually reduce pressure on the trigger member to free the hammer from the disconnector to permit the hammer and trigger member to pivot to the set positions so that the user can pull the trigger member to fire the firearm, and whereupon in the second mode, rearward movement of the bolt means causes rearward pivoting of the hammer such that the disconnector hook is prevented from holding the hammer, and thereafter the bolt means moves forward into battery, at which time the user can pull the trigger member to fire the firearm. **Additionally, there is <u>no teaching in the prior art</u> that would have motivated one of ordinary skill in the art to modify Blakely to have such features**.

Notice of Allowability, pp. 3-4 (emphasis added, highlighted in Ex. 1).

3

8. This statement of the Examiner of the '606 Application essentially confirms that statements of Plaintiffs' expert, Mr. Luettke, at the preliminary injunction hearing. At the hearing Mr. Luettke consistently stated on both direct- and cross-examination that the '723 patent does not disclose a standard semiautomatic function. (*See, e.g.,* PI Hearing Transcript, Vol. II, 59:14-16; 87:15 – 88:17).

## **CONCLUSION**

The examiner understands the scope and teachings of the '723 Patent consistently with the positions Plaintiffs have taken throughout the briefing and the PI hearing. The Patent Examiner determined that the '723 Patent fails to disclose standard semiautomatic and forced reset modes, the prior art does not teach all claimed elements of the '247 Patent. This supports the Plaintiffs' position that Defendants failed to raise a substantial question of validity of the '247 Patent based on the '723 Patent.

Dated: February 10, 2026.         Respectfully submitted,

/s/ Decker A. Cammack
Decker A. Cammack (admitted *pro hac vice*)
David A. Skeels (admitted *pro hac vice*)
WHITAKER CHALK SWINDLE & SCHWARTZ PLLC
301 Commerce Street, Suite 3500
Fort Worth, TX 76102
Telephone: (817) 878-0500
Facsimile: (817) 878-0501
DCammack@whitakerchalk.com
dskeels@whitakerchalk.com


/s/ Glenn D. Bellamy
Glenn D. Bellamy (admitted *pro hac vice*)
WOOD, HERRON & EVANS, LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202
Telephone: (513) 241-2324
Facsimile: (513) 241-6234
gbellamy@whe-law.com


/s/Joseph Alan Jackson II
Joseph Alan Jackson II, B.P.R. No. 030603
SPEARS, MOORE, REBMAN & WILLIAMS, P.C.
601 Market Street, Suite 400
Post Office Box 1749
Chattanooga, TN 37401 1749
Telephone: (423) 756-7000
Facsimile: (423) 756-4801
jaj@smrw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of February 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

By: /s/ *Decker A. Cammack*