# SETTLEMENT AGREEMENT

This Agreement is made this 24th day of February, 2022 ("Effective Date"), by and between ABC IP, LLC ("ABC"), a Delaware limited liability company and Rare Breed Triggers, LLC ("Rare Breed"), a North Dakota limited liability company, and Tim Hoffman ("Hoffman"), an individual residing in Tennessee and doing business as Hoffman Tactical; (individually, a "Party" and collectively, the "Parties").

**WHEREAS**, ABC is the owner of U.S. Patent No. 10,514,223 ("the '223 Patent");

**WHEREAS**, Rare Breed is the exclusive seller of products covered by the '223 Patent, including the FRT-15™, the first forced reset trigger to be commercially marketed;

**WHEREAS**, Hoffman is well-known and highly respected as a developer of CAD models and designs distributed for 3D printing, including for making firearms parts and accessories;

**WHEREAS**, Hoffman designed an assembly of 3D printable parts that could be used only in combination with Hoffman's custom lower design with a standard AR-pattern hammer and trigger to replace a standard disconnector and add a locking bar;

**WHEREAS**, ABC and Rare Breed have accused Hoffman of inducing infringement of the '223 Patent ("the Dispute") by Hoffman providing a 3D CAD file that allowed others to print parts for converting a standard disconnector semiautomatic trigger into a forced reset semiautomatic trigger assembly;

**WHEREAS**, Hoffman was not aware that his activity may have constituted inducing patent infringement; however, upon notice from Rare Breed, Hoffman immediately ceased distribution of the complained-of 3D CAD file as Hoffman sees nothing gained by either Party from a dispute;

**WHEREAS**, Rare Breed is supportive of Hoffman's mission advocating support of the Second Amendment to make and distribute innovative firearm designs, Hoffman understands Rare Breed's need to enforce its patent rights and Rare Breed's mission to achieve a final ruling that forced reset triggers remain unregulated semiautomatic triggers; and

**WHEREAS**, the Parties wish to settle and resolve the Dispute amicably.

**THEREFORE**, in exchange for the mutual promises and covenants expressed herein, the Parties agree as follows:

1. Hoffman agrees not to make, have made, offer for sale, or sell any product or device that directly or indirectly infringes any claim of the '223 Patent or to make, release, distribute, or provide any 3D CAD file that induces others to make or have made parts that directly or indirectly infringe any claim of the '223 Patent.

2. Mutual Releases. Each Party, on behalf of itself and its Affiliates, agents, representatives, officers, directors, shareholders, employees, successors, and assigns ("Associated Parties"), hereby irrevocably releases and forever discharges the other Party and its Affiliates,

1

agents, representatives, officers, directors, shareholders, employees, attorneys, advisers, insurers, direct and indirect third-party manufacturers, suppliers, distributors, resellers, sales agents, customers, users, successors, assigns, and heirs of and from any and all claims, counterclaims, demands, actions, causes of action, damages, liabilities, losses, payments, obligations, costs and expenses (including, without limitation, attorneys' fees and costs) of any kind or nature, fixed or contingent, direct or indirect, in law or equity, several or otherwise, known or unknown, suspected or unsuspected, that arise from or relate in any way to any act or omission relating to the Dispute prior to the Effective Date. The foregoing release shall not apply to each Party's obligations required to be performed under this Agreement.

3. Unique Resolution. Because of the unique nature of the Dispute and Hoffman's immediate cooperation and amicable resolution thereof, the above release by ABC and RBT is without the requirement of monetary compensation for the infringement and shall not be indicative of a reasonable royalty or actual infringement damages.

4. Representations and Warranties. ABC represents and warrants that it is the sole and exclusive owner of all right, title and interest in and to the '223 Patent. Rare Breed represents and warrants that it has the exclusive right to sell products covered by the '223 Patent. Each Party represents and warrants that he/it has the right, power and authority to execute, deliver, and perform its obligations under this Agreement and that neither the execution of this Agreement, nor the performance of his/its obligations hereunder will constitute a breach of the terms or provisions of any contract or violate the rights of any third party.

5. Governing Law. This Agreement shall be governed in accordance with the laws of the State of Tennessee. All disputes under this Agreement shall be resolved by litigation in the courts of the State of Tennessee, including the federal courts therein, and the Parties all consent to the jurisdiction of such courts, agree to accept service of process by mail, and hereby waive any jurisdictional or venue defenses otherwise available to them.

6. Termination. This Agreement shall terminate upon expiration of the '223 Patent or upon all claims of the '223 Patent are held invalid by a court or body of final review or appeal (or no such final review or appeal is timely pursued). This Agreement may not be assigned by Hoffman.

7. No Agency. This Agreement does not make any Party the legal representative or agent of any other Party, nor will any Party have the right or authority to assume, create, or incur any liability or any obligation of any kind, express or implied, against or in the name of or on behalf of any other Party. Each Party is not and will not represent itself as authorized to enter into any contract or other obligation on behalf of the other and nothing contained herein will be construed in such a manner as to create the relationship of agent or principal between RBT or ABC and Hoffman.

8. Severability. If any provision of this Agreement is declared to be illegal, unenforceable or void, the remainder of the Agreement shall be enforced to the extent permitted by law; and any illegal, unenforceable or void provision shall be replaced with a mutually

2

Case 2:25-cv-00389-DCLC-CRW Document 1-4 Filed 12/23/25 Page 2 of 3 PageID #: 112
Case 2:25-cv-00369-DCLC-CRW Document 1-4 Filed 02/26/25 Page 2 of 3 PageID #: 964
*Exhibit B*

acceptable provision which comes closest to the intention of the Parties underlying the original provision

9. This Agreement constitutes the entire understanding of the Parties, and revokes and supersedes all prior agreements between the Parties and is intended as a final expression of their Agreement. It shall not be modified or amended except in writing signed by the Parties hereto and specifically referring to this Agreement. This Agreement shall take precedence over any other documents which may conflict with this Agreement.

10. This Agreement may be executed in any number of counterparts, each of which when executed and delivered shall constitute a duplicate original, but all counterparts together shall constitute a single agreement.

**IN WITNESS WHEREOF**, the Parties hereto, intending to be legally bound hereby, have each caused to be affixed hereto its or his hand the day indicated.

**ABC IP, LLC**

By: Cole Leleux
Title: Managing Member
Date: 2-25-2022

**Rare Breed Triggers, L.L.C.**

By: Lawrence DeMonico
Title: President
Date: 2-25-2022

**Tim Hoffman, d/b/a Hoffman Tactical**

By: Tim Hoffman
Date: 2/24/2022

3