

INTELLECTUAL PROPERTY LAW

**Patent, Trademark, Copyright and Internet Law**



1914 Akron-Peninsula Rd., Akron, OH 44313 ■ P: 330.434.9999 ■ F: 330.434.8888 ■ www.etblaw.com

February 23, 2026

Decker A. Cammack                                    **VIA EMAIL ONLY**
Whitaker Chalk Swindle & Schwartz PLLC              dcammack@whitakerchalk.com
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102

> **Re:    Threat of Contempt; Grant of Preliminary Injunction**
>         *ABC IP, LLC, et al. v. Hoffman Tactical LLC, et al.*
>         Case No. 1:25-cv-00389-CLC-CHS (E.D. Tenn.)
>         <u>Our File: 44054.50004</u>

Dear Mr. Cammack:

I write in response to your February 12, 2026 letter purporting to provide "actual notice" of the Preliminary Injunction entered in *ABC IP, LLC, et al. v. Hoffman Tactical LLC, et al.*, Case No. 1:25-cv-00389-CLC-CHS (E.D. Tenn.) (the "Hoffman PI"), and demanding that I identify by close of business February 13 which of my clients in other, separate litigations will "refrain" from the activities you describe. I acknowledge receipt of the Hoffman PI (Doc. 46) and the accompanying memorandum (Doc. 45).

Your letter suggests that mere "actual notice" of the Hoffman PI, coupled with the memorandum's reference to certain third parties, suffices to bind nonparties and exposes them to contempt if they continue their own independent business activity. That position is contrary to Rule 65(d)(2) and controlling precedent. Federal courts cannot lawfully enjoin "the world at large"; injunctions bind only the parties and the limited categories identified in Rule 65(d)(2). *See, e.g.*, *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1304-05 (Fed. Cir. 2012); *In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.*, 504 F. App'x 900, 905-06 (Fed. Cir. 2013); *Additive Controls & Measurement Sys. v. Flowdata, Inc.*, 154 F.3d 1345, 1351 (Fed. Cir. 1998); *Computer Sciences Corp. v. Tata Consultancy Servs. Ltd.*, 159 F.4th 429, 454 (5th Cir. 2025); *M & C Corp. v. Erwin Behr GmbH & Co.*, 508 F. App'x 498, 502 (6th Cir. 2012); *Blockowicz v. Williams*, 630 F.3d 563, 567 (7th Cir. 2010); *Banner v. City of Flint*, 99 F. App'x 29, 39 (6th Cir. 2004); *see also Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969); *Regal Knitwear Co. v. N.L.R.B.*, 324 U.S. 9, 14 (1945); *Alemite Mfg. Corp. v. Staff*, 42 F.2d 832, 832 (2d Cir. 1930).

The Hoffman PI's prefatory language ("Defendants and their principals, agents, attorneys, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith") simply tracks Rule 65(d)(2) and does not expand the injunction to reach nonparties as such. Nor does the memorandum do so. Indeed, the Court expressly declined to include proposed relief that would have required Defendants to post the injunction and would have purported to bind "all who have notice of" it. *See* Doc. 45 at 14 n.6 (rejecting Plaintiffs' proposed Sections 60(f) and 60(g) as beyond what was requested and not addressed at the hearing).

As you should know, there are only two limited circumstances in which a nonparty may be bound by, or held in contempt for violating, an injunction entered against another:

1.      Nonparties legally identified with an enjoined party (privity), such as officers, agents, successors, or assigns who stand in the shoes of the enjoined party. *See Additive Controls*, 154 F.3d at 1352 (corporate officer may be legally identified with corporation); *id.* at 1354 (successors typically within scope of injunction); *see also Asetek Danmark A/S v. CMI USA Inc.*, 852 F.3d 1352, 1366-68 (Fed. Cir. 2017).

2.      Nonparties who, with actual notice, act in active concert with an enjoined party to assist that party in violating the injunction. *See Additive Controls*, 154 F.3d at 1351; *United States v. Elsass,* 769 F.3d 390, 398 (6th Cir. 2014).

The "active concert" doctrine is not a vehicle to punish nonparties for their own wholly independent conduct. A nonparty is bound only to the extent it acts for the benefit of, or to assist, a named party in violating the injunction. *Havens v. James*, 76 F.4th 103, 111 (2d Cir. 2023). Relatedly: (a) the alleged aiding-and-abetting conduct must occur after the injunction is entered, *Blockowicz,* 630 F.3d at 568; (b) a court must first conclude the party subject to the injunction is in contempt before a nonparty can be, *Havens*, 76 F.4th at 112; and (c) contempt requires clear and convincing proof that the nonparty knew of the injunction and knew its conduct violated it, *M & C Corp.,* 508 F. App'x at 502; *Additive Controls*, 154 F.3d at 1353. Whether a nonparty acted "in active concert" is a fact question. *Merial Ltd.,* 681 F.3d at 1293.

Against that legal backdrop, your letter identifies no facts suggesting that any of my clients is in privity with Mr. Hoffman or Hoffman Tactical, or that any client is acting as their agent, successor, alter ego, or proxy. The memorandum's recitation of testimony that Mr. Hoffman "knows" of companies making products "in accord with or based on" his design (Doc. 45 at 7-8 ¶¶ 13-15) is not a judicial determination that any third party is "in active concert" with the enjoined Defendants, much less that any third party has taken post-injunction steps to help Mr. Hoffman violate the Hoffman PI. Your position seems to be that anyone who downloaded Mr. Hoffman's designs, bought a product that is allegedly based on Mr. Hoffman's designs, or even used such a product is in violation of the Hoffman PI. According to your clients, that sole PI would therefore enjoin hundreds of thousands of individuals, all non-parties to the litigation at issue.

To the extent your clients contend that a third party is infringing ABC's patents, the proper course is the one your clients have already chosen: litigate those allegations in the actions where such third party is a defendant, with the ordinary protections of due process. The Hoffman PI cannot be repurposed as a *de facto* injunction against nonparties based on "notice" alone. *See, e.g.*, *Merial Ltd.,* 681 F.3d at 1304-05; *Additive Controls*, 154 F.3d at 1351; *Blockowicz*, 630 F.3d at 567; *Banner,* 99 F. App'x 29, 39.

Accordingly, we do not agree that any of my clients are presently bound by the Hoffman PI, and we will not provide the admissions or assurances you demand on your proposed timetable.

Nothing in this response should be construed as an admission regarding any client's products, conduct, or defenses, all of which are expressly reserved.

   If you believe you have evidence that a particular nonparty is acting as an agent, successor, or proxy for the enjoined Defendants, or is otherwise aiding and abetting a post-injunction violation by Mr. Hoffman or Hoffman Tactical, please identify the specific facts and evidence. Otherwise, we ask that you refrain from asserting that Rule 65(d) "clearly" applies to nonparties in separate litigations based solely on "notice" and alleged design similarity.

        Sincerely,

        */s/John M. Skeriotis*

        John M. Skeriotis

Exhibit 12