| | |
|---|---|
| ABC IP, LLC, a Delaware limited liability company, and RARE BREED TRIGGERS, INC., a Texas corporation,<br><br>Plaintiffs,<br><br>v.<br><br>TIMOTHY HOFFMAN, an individual, and HOFFMAN TACTICAL, LLC, a Tennessee limited liability company,<br><br>Defendants. | Case No. 1:25-CV-00389-CLC-CHS<br><br>Hon. Curtis Collier<br><br>**RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE** |

Defendants, Timothy Hoffman and Hoffman Tactical, LLC, in opposition to Plaintiffs' ABC IP, LLC and Rare Breed Triggers, Inc. "Motion and Brief for Order to Show Cause Why AS Designs, LLC Should Not Be Held in Contempt for Violating Preliminary Injunction (Doc. 46)," (the "Motion") submit the following response.

## ARGUMENT

Plaintiffs' Motion is nothing more than an attempt to expand the Preliminary Injunction in *this* matter to the extensive list of competitors Plaintiffs are in active litigation against in *other* proceedings. This flies in the face of Fed. R. Civ. P. 65(d)(2) and the clear limitations of injunctive relief. Courts "cannot lawfully enjoin the world at large, no matter how broadly it words its decree." *Swetland v. Curry*, 188 F.2d 841, 843 (6th Cir. 1951) (quoting *Alemite Mfg. Corp. v. Staff*, 42 F.2d 832, 832 (2d Cir. 1930)). In fact, Plaintiffs explicitly admit this is their objective in their motion and supporting brief. Plaintiffs' Motion and Brief, p. 10 ("More importantly, anyone who sells products manufactured in accord with the designs published by Defendants should be held to be acting 'in concert' with

1

Hoffman."). This is despite the fact that the designs and files Plaintiffs rely on were published *prior to this litigation* and have since been taken down in accordance with this Court's Preliminary Injunction, with no intent by Defendants to republish. Hoffman Decl., ¶¶ 5-8. Hoffman cannot be acting "in concert" with anyone when his *own* actions (and inactions), such as removing the published designs and files, meet the requirements of the Preliminary Injunction.

On February 11, 2026, this Court entered a Preliminary Injunction (Doc. 46) against Defendants, which provides, in part:

> Defendants and their principals, agents, attorneys, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith are **ORDERED** to refrain from infringement or contributing to the infringement of Patent No. 12,038,247 and Patent No. 12,031,784 during the term of this Order as follows:
>
> a. Refrain from making, using, selling, offering for sale, or importing the Super Safety device or any derivatives of it, whether for the purpose of use or offering such products for sale, and whether by retail, through distributors, or wholesale[. . .]

The Preliminary Injunction, in step with the limitations of Fed. R. Civ. P. 65(d)(2), binds only (1) Defendants; (2) their officers, agents, servants, employees, and attorneys; and (3) "other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)" who receive actual notice of the injunction. By their Motion, Plaintiffs now seek a show cause order against a *nonparty* claiming it has acted "in active concert" with Defendants in violation of the Preliminary Injunction. Plaintiffs clearly misconstrue the requisite standard for holding a nonparty in contempt for violating an injunction.

Plaintiffs' attempt to extend the Preliminary Injunction beyond its breaking point and hold a nonparty in contempt when it has no relationship with the enjoined parties is clearly inconsistent with Sixth Circuit precedent. "[A] party seeking contempt sanctions against a nonparty must prove that the nonparty knew of the injunction and knowingly aided and abetted an enjoined party or its agents to violate the injunction. This showing must be made by clear and convincing evidence." *M & C Corp.*

2

*v. Erwin Behr GmbH & Co., KG*, 508 F. App'x 498, 502 (6th Cir. 2012) (citing *Elec. Workers Pension Tr. Fund of Loc. Union |58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 379 (6th Cir. 2003)). "A non-party is deemed to be in active concert or participation 'if that party is identified with the named, enjoined party in interest, in 'privity' with it, represented by it or subject to its control.'" *Int'l Petroleum Prods. & Additives Co., Inc. v. PXL Chemicals BV*, No. 1:20-CV-00586, 2022 WL 4537974, *15 (S.D. Ohio Sept. 28, 2022) (quoting *Tesmer v. Granholm*, 333 F.3d 683, 703 (6th Cir. 2003) (rev'd and remanded on other grounds)). In other words, the enjoined party—Defendants—must have violated the injunction *with* the nonparty.

Notably, Plaintiffs do not target Defendants with their present motion, but only AS Designs. Plaintiffs do not allege, much less make any showing, that Defendants' post-injunction conduct has violated the Preliminary Injunction. The best Plaintiffs can do to link AS Designs with Defendants is to allege that Hoffman testified that he had "contact with" third parties, including AS Designs. However, Plaintiffs greatly embellish Mr. Hoffman's testimony at the hearing on Plaintiffs' Motion for Preliminary Injunction. There, when Hoffman was asked specifically about AS Designs, he testified "I am familiar with one of the gentlemen at AS Designs. His last name starts with a K, and his first name escapes me, but he's one of the top – if you mentioned a couple of names, I can tell you which one it is." Preliminary Injunction Transcript ("PI Trans."), VII, 138:22-139:1.

Moreover, Plaintiffs have established no link between Defendants and AS Designs supporting a finding that the two acted in active concert to violate the Preliminary Injunction. First, Plaintiffs' Motion relies on Defendants' conduct that *predated* the Preliminary Injunction as it relates to AS Designs ultimately designing, manufacturing, and selling a product based off of Hoffman's Super Safety design. *See generally*, Plaintiffs' Motion and Brief, p. 10. One cannot violate a preliminary injunction based on conduct that predated its initial date of entry. That is precisely what Plaintiffs attempt to do here. "[T]he purpose of an injunction is to prevent *future* violations." *Union Home Mortg.*

3

*Corp. v. Cromer*, 31 F.4th 356, 364 at n. 3 (6th Cir. 2022) (quoting *United States v. W. T. Grant Co.*, 345 U.S. 629, 633, 73 S. Ct. 894, 898 (1953)) (emphasis added). Further, being "familiar with" a company is a far cry from the type of connection between the enjoined party and the nonparty required under Sixth Circuit precedent. "The non-party must be deemed to have aided and abetted the enjoined party in the prohibited conduct, or must be 'legally identified' with the enjoined party." *Adcor Indus., Inc. v. Bevcorp, LLC*, 411 F. Supp. 2d 778, 794 (N.D. Ohio 2005), *aff'd,* 252 F. App'x 55 (6th Cir. 2007) (citing *Microsystems Software, Inc. v. Scandinavia Online AB*, 226 F.3d 35, 43 (1st Cir. 2000)). "In order to show that a non-party 'aided and abetted' a party subject to the decree, the plaintiff must show that the non-party had actual knowledge of the judicial decree and violated it, *and that the challenged action was taken for the benefit of, or to assist, a party subject to the decree.*" *Id*. (emphasis added).

Defendants do not have any control, financial interest, or other relationship with AS Designs. Hoffman Decl., ¶¶ 10-12. In fact, since the entry of the Preliminary Injunction, Hoffman has only spoken with AS Designs twice, generally, about (1) the pending Motion to Transfer for Coordination or Consolidation before the United States Judicial Panel on Multidistrict Litigation brought by several parties Plaintiffs have commenced litigation against, and (2) the progression of this case regarding Plaintiffs' amended complaint. Hoffman Decl., ¶¶ 13-14. Plaintiffs have not alleged, much less shown by clear and convincing evidence, that Defendants have (1) violated the Preliminary Injunction; and (2) done so in "active concert" with AS Designs. As such, there is no basis for the entry of an order to show cause and Plaintiffs' Motion must be denied.

WHEREFORE, Defendants, Timothy Hoffman and Hoffman Tactical, LLC, respectfully request the Court deny Plaintiffs' Motion for Order to Show Cause (Doc. 52).


Respectfully submitted this 19th day of March, 2026.

/s/ Jacob G. Horton

4

Jonathan M. Blanchard (TN BPR # 034,663)
(admitted *pro hac vice*)
Jacob G. Horton (TN BPR # 025,467)
Blanchard Horton PLLC
PO Box 5657
Oak Ridge, Tennessee 37830
(865) 269-2673
JBlanchard@blanchard-patent.com
JHorton@blanchard-patent.com
***Counsel for Defendants***

5

**CERTIFICATE OF SERVICE**

I hereby certify that on March 19, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by U.S. Mail. Parties may access this filing through the Court's electronic filing system.

/s/ Jacob G. Horton

6